**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUSTIN HARTER,

              Plaintiff-Appellant,

v.

MEGAN J. BRENNAN,
Postmaster General,

              Defendant-Appellee.

No. 18-35598

D.C. No. 2:16-cv-00438-SMJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted October 25, 2019
Seattle, Washington

Before:  CLIFTON, IKUTA, and BENNETT, Circuit Judges.

      Plaintiff-Appellant Justin Harter appeals the district court's 12(b)(6)

dismissal of his breach of contract claim and its award of summary judgment to the

Postmaster General on his Title VII employment discrimination claim.  We have

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

In dismissing Harter's breach of contract claim, the district court evidently reviewed a short excerpt (pages 280-81) of the relevant MOU attached to the CBA. This excerpt, submitted by defendant's counsel, appeared to demonstrate that Postal Support Employees (PSEs) were not covered by the contract's requirement that the Postal Service give advance notice to employees who are terminated for cause. Reviewing the full CBA, as we must, given the district court's finding that it was incorporated by reference into the complaint, shows that this reading may be erroneous. Page 290 of the MOU states that "[i]n the case of removal for cause within the term of an appointment, a PSE shall be entitled to advance written notice of the charges against him/her in accordance with the provisions of Article 16 of the National Agreement," which on its face suggests that the notice requirement applies to PSEs. We therefore reverse the dismissal of Harter's breach of contract claim and remand for further proceedings.

On appeal the government has primarily defended the dismissal of the breach of contract claim by offering to us arguments not previously presented to the district court: that Harter failed to allege that his union breached its duty of fair representation, as the government contends he was required to do, and that the

2

statute of limitations has run on bringing such a claim against the union. We leave those arguments for consideration on remand by the district court. If the government presents those contentions, Harter should be given leave to amend his complaint in response to the arguments, if he requests leave to do so.

To prevail against a motion for summary judgment on a Title VII claim, a plaintiff is required to establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). For reasons including those cited by the district court, Harter was unable to establish a prima facie case of employment discrimination with respect to any of the three adverse employment actions he suffered: his termination in late 2014 and his failure to be rehired for either of the positions to which he applied in late 2015. The record does not demonstrate that there were similarly situated employees of different sexes or races who were treated more favorably than he was with respect to these actions. Accordingly, the district court did not err in awarding summary judgment to the Postmaster General.

Each party to bear its own taxable costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**